UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:21-cv-284 |
| | ) |
| CITY OF INDIANAPOLIS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Michael Tucker ("Tucker"), by counsel, bring this action against Defendant, City of Indianapolis, ("Defendant") alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

**II. PARTIES**

2. Tucker is a resident of Marion County, Indiana which is within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Tucker was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Tucker satisfied his obligation to exhaust his administrative remedies having timely filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Tucker received the required Notices of his Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. On or about January 17, 2017, Tucker began working for the Defendant as a Consultant II.

10. In or about March 2018, Tucker was promoted to Consultant II.

11. At all relevant times, Tucker met or exceeded Defendant's legitimate performance expectations.

12. Tucker is diagnosed with Tourette syndrome.

13. Tucker's condition substantially impairs one or more major life activities. Therefore, Tucker has a disability as that term is defined by the Americans with Disabilities Act.

14. Defendant was aware of Tucker's disability.

15. Tucker reported to Hope Tribble ("Tribble"), Area Manager.

16. In or about June 2017, Tribble began discriminating against and harassing Charging Party for his disability.

17. In or about June 2017, Tucker brought his service dog to work. Tribble told Tucker that he needed to follow Defendant's process for requesting an accommodation and sent him and his service dog home.

18. Tribble began complaining about Tucker and his service dog to other employees of Defendant.

19. Tucker subsequently made a request for an accommodation with Defendant's Disability Affairs Department, but Defendant did not approve an accommodation for Tucker until about September 2017, when Defendant told Tucker that he could work remotely when needed.

20. In or about July 2018, Defendant told Tucker that he was using his accommodation "too much" and limited the extent to which Tucker could use his accommodation.

21. In or about December 2018, Defendant eliminated Tucker's accommodation and said that he could use his leave on request, as all of Defendant's employees could.

22. In or about April 2019, Defendant finally accommodated Tucker by allowing him to bring his service dog to work.

23. In or about October 2017, Tucker engaged in a protected activity and filed a complaint with Defendant against Tribble.

24. Following Tucker's complaint, Tribble's conduct continued and created a hostile work environment for Tucker.

25. In or about January 2018, Tucker received a write-up from Tribble for a comment he made to another employee. Other employees were not disciplined for engaging in similar behavior.

26. In or about March 2018, when many department employees were being promoted from level I to level II, Tribble expressed to other employees that she did not want to promote Tucker to Consultant II, despite him being qualified for the position.

27. Tucker made additional complaints about discrimination by Tribble in or about November 2017, in or about May 2018, and several thereafter.

28. Defendant took no action in response to Tucker's complaints, which permitted Tribble to continually harass and create a hostile work environment for Tucker throughout the remainder of his employment.

29. On June 8, 2018, Tucker was in a department meeting when he had to step out for a phone call and received news that his mother passed away.

30. Tribble berated Tucker for leaving the meeting and subsequently complained to Tucker and other employees of Defendant about his use of bereavement leave.

31. When non-disabled employees experienced a death in the family, Tribble showed them empathy and often gave them flowers or sympathy cards.

32. In or about August 2018, Tucker applied for a promotion with Defendant.

33. Although Tucker was highly qualified for the position, Defendant awarded the position to an outside, non-disabled application on or about September 19, 2018.

34. On November 6, 2019, Defendant terminated Tucker's employment.

### V.  CAUSES OF ACTION

### COUNT I – ADA – DISABILITY DISCRIMINATION

35. Tucker hereby incorporates by reference paragraphs one (1) through thirty-four (34) of his Complaint as if the same were set forth at length herein.

36. Defendant discriminated against Tucker on the basis of his disability by subjecting his to disparate treatment.

37. Defendant discriminated against Tucker on the basis of his disability by failing to engage in the interactive process in good faith and denying his reasonable accommodations.

38. Defendant's actions were intentional, willful and in reckless disregard of Tucker's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

39. Tucker has suffered damages as a result of Defendant's actions.

### COUNT II – ADA - RETALIATION

40. Tucker hereby incorporates paragraphs one (1) through thirty-nine (39) of

his Complaint.

41. Defendant retaliated against Tucker for exercising his rights under the ADA.

42. Defendant's actions were intentional, willful, and in reckless disregard of Tucker's rights as protected by the ADA.

43. Tucker suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Michael Tucker, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

2. Pay compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

3. Pay compensatory damages under the ADA;

4. Pay punitive damages under the ADA;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Taylor Ferguson_____
Taylor Ferguson
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com

Attorneys for Plaintiff, Taylor Ferguson

## **DEMAND FOR JURY TRIAL**

Plaintiff, Michael Tucker, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Taylor Ferguson_____
Taylor Ferguson
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com

Attorneys for Plaintiff, Taylor Ferguson